IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney Mollins, #210264, ) | |
| ) | Civil Action No. 3:06-1037-RBH-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Warden, Perry Correctional Institution; and ) | |
| Attorney General for South Carolina, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondents. ) | |
| ) | |

    Petitioner, Rodney Mollins ("Mollins"), is an inmate at the South Carolina Department of Corrections serving a sentence of life imprisonment plus twenty years for murder and assault and battery with intent to kill.[1] He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 27, 2006.[2] The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on July 31, 2006. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on August 2, 2006, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on August 11, 2006.

---

[1] Mollins was sentenced to concurrent sentences for several other offenses.

[2] This is the Houston v. Lack, 487 U.S. 266 (1988) "delivery" date. See order filed April 12, 2006.

**Procedural History**

Mollins pled guilty pursuant to a negotiation on March 21, 1994 in Lexington County. He was represented by Jack B. Swerling. No direct appeal was filed.

Mollins filed an application for post-conviction relief ("PCR") on December 3, 1996. A hearing was held on January 31, 2000. Mollins was represented by counsel. On April 3, 2000, the PCR Court issued its Order dismissing the action as untimely filed pursuant to S.C. Code Ann. § 17-27-45(a). A Johnson[3] petition for writ of certiorari was filed through the South Carolina Office of Appellate Defense raising the following issue:

> Petitioner's guilty plea failed to comply with the mandates set forth in Boykin v. Alabama.

The petition for writ of certiorari was denied by Order of the South Carolina Supreme Court dated March 22, 2001. The Remittitur was returned on April 10, 2001.

**Grounds for Relief**

Ground one: Court lacked Subject Matter Jurisdiction for extortion in dealing with the Applicant who is Mentally Handicapped/Retarded.

Ground two: Convictions obtained by actions of Grand or Petit Jury was unconstitutional.

Ground three: Convictions obtained by use of coerced confession.

Ground four: Ineffective Assistance of Counsel for failing to properly evaluate Applicant's Mental condition prior to trial as is required by state.

Ground five: Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary with understanding of the nature of the charges and the consequences of the plea.

---

[3]Johnson v. State, 294 S.C. 310, 364 S.E.2d 2001 (1988).

> Ground six: Ineffective Assistant of Trial Counsel on Mr. Jack Swerling, for failing to object to the continuation of the guilty Plea Proceeding once the State "Reneged" on the Plea Bargain.
>
> Ground seven: Obstruction of Petitioner's P.C.R. Application on the basis of the State [sic] of Limitations.
>
> Ground eight: Fraud and misconduct on the part of Trial Counsel for obstructing the Trial Court from performing a mental Evaluation Hearing, for competence [sic].
>
> Ground nine: Ineffective Assistance of Appellet [sic] Counsel on Writ of Certiorari.
>
> Ground ten: Because the Petitioner's Indictment for Murder, does not state the time of death of the Deceased, with certainty, which is a necessary element of the crime of Murder, The Circuit Court lacked Subject Matter Jurisdiction.
>
> Ground eleven: Because Petitioner's Indictment for Murder does not state the time of the offense with certainty, which is a necessary element of the crime of Murder, the Circuit Court lacked Subject Matter Jurisdiction.

## **Discussion**

Respondents assert that Mollins' claims have been procedurally defaulted and that the present petition violates the statute of limitations created by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

**A.     Procedural Bar**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

**1.     Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

>The United States Supreme Court has consistently enforced the exhaustion requirement.
>
>>The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[4] If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir.

---

[4]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. See Rose v. Lundy, supra.

### 2. Procedural bypass[5]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

---

[5]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

>the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.     Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4.     Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review

7

of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocense.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), cert. denied, 485 U.S. 1000 (1988). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocense" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail

under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocense. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocense as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5. Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocense. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

The PCR court applied a procedural bar to all Mollins' claims for failure to comply with S.C. Code Ann. § 17-27-45(a). Mollins does not attempt to establish cause and prejudice as to why he failed to present his claims to the South Carolina Supreme Court. He was notified of his right to file a pro se brief in connection with his Johnson petition, but failed to do so. The only issue presented in the Johnson petition was that Mollins' guilty plea was involuntary. However, this issue was never developed in the state courts and the petition does not specifically state any deficiency with the guilty plea. In any event, as discussed below, the present petition is untimely.

### B. Statute of Limitations

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

>   (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling.  Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]."  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).  Under § 2244(d), the State bears the burden of asserting the statute of limitations.  Petitioner then bears the burden of establishing the applicability of the doctrine.  Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).  To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.  Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004).

Mollins appears to recognize the statute of limitations and the doctrine of equitable tolling in his response.  The petition is clearly untimely since it was filed almost five years after the

Remittitur was returned by the South Carolina Supreme Court. Mollins has not established that he is entitled to invoke the doctrine of equitable estoppel.

## **Conclusion**

Petitioner's claims are procedurally barred and his petition is untimely. It is, therefore, recommended that the motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

        Respectfully submitted,

        s/Joseph R. McCrorey
        United States Magistrate Judge

January 11, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).