IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Rodney Mollins, | ) | Civil Action No. 3:06-1037-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Warden, Perry Correctional | ) | |
| Institution; and Attorney General | ) | |
| for South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Rodney Mollins, proceeding *pro se*, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on April 10, 2006. Currently pending before the court is the Respondents' motion for summary judgment which was filed on July 31, 2006. By Order entered August 2, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to the Respondents' motion on August 11, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on January 11, 2007. In the Report, the Magistrate Judge correctly notes that pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), there is a one-year statute of limitations on the filing of petitions under 28 U.S.C. § 2254. As such, he recommends that the Respondents' motion be granted and that this Petition be dismissed as not timely filed because it was filed well after the expiration of the one-year statute of limitations. He also recommends a finding that the petitioner's

claims are procedurally barred. Petitioner filed objections to the Report and Recommendation on January 22, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As noted above, the Petitioner filed objections to the Magistrate Judge's Report and Recommendation. It appears to this court that the Petitioner's objections to the Report do not dispute the Magistrate Judge's determination that the Petitioner's Petition was filed untimely. However, Petitioner's objections to the Report do dispute the Magistrate Judge's recommendation to this court that Respondents' motion should be granted and that this Petition should be dismissed because of the untimeliness. Petitioner's objections are essentially based upon his argument that the state trial court lacked subject matter jurisdiction over his case.

The petitioner has not stated with specificity any objections to the recommendation by the Magistrate Judge that the petition should be dismissed as time barred or procedurally barred. This is sufficient reason to adopt the Report. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of

2

consequences of failure to object, waives further review).

However, since the petitioner is proceeding *pro se*, the Court will address his objections further. The petitioner contends in his objections that subject matter jurisdiction may be raised at any time and that the court of general sessions lacked subject matter jurisdiction over him at the time his guilty plea was accepted. The basis for this argument is that he alleges that his indictment was insufficient and that he was not given a mental evaluation to determine his competency to stand trial. He also asserts that the South Carolina Constitution requires presentment to a grand jury and that, since he waived presentment to the grand jury, the court lacked jurisdiction over his case. These arguments lack merit, even if they are considered to be timely or if they could be viewed as a basis for equitable tolling[1] of the statute of limitations, as they raise questions of state law which lack merit.

Relief under § 2254 may be granted only upon proper application of federal law. 28 U.S.C. § 2254(d). Under South Carolina law, subject matter jurisdiction is determined by the type of case, not the sufficiency of the indictment. Circuit courts clearly have jurisdiction over criminal cases. State v. Gentry, 363 S.C. 93, 100-1, 610 S.E.2d 494, 498-99 (2005). It is well settled that a defendant in South Carolina circuit court may plead guilty where he has waived presentment to the grand jury. Carter v. State, 329 S.C. 355, 495 S.E.2d 773 (1998). Additionally, the record reflects that counsel for the petitioner discussed with the judge taking the plea the fact that the defense expert found no deficiencies in his competency. (App. pp. 24-26). Counsel is under no duty to shop around for a different diagnosis by another expert. See Roach v. Martin, 757 F.2d 1463, 1477 (4th Cir. 1985), *cert. denied*, 474 U.S. 865 (1985).

---

[1] Petitioner would only be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003).

3

After reviewing the Report, objections, pleadings, memoranda, and applicable law, the court finds, for the reasons stated above, that the Petitioner's objections are without merit.  Therefore, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** and incorporated herein by reference and the Petitioner's objections are **OVERRULED**.  Accordingly, the Respondents' motion for summary judgment is **GRANTED**, and this petition is **DISMISSED**.

**IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

March 26, 2007
Florence, South Carolina